UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XINGSHUN WEN,

                Plaintiff,

-against-

TETHER OPERATIONS LIMITED,

                Defendant.

25-CV-4007 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Little Neck, New York, in Queens County, brings this action *pro se*, invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff relies on the Federal Trade Commission (FTC) Act, 15 U.S.C. § 45; the Commodities Exchange Act (CEA), 7 U.S.C. § 13; and the federal criminal statute defining the crime of misprision of felony, 18 U.S.C. § 4. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this suit against Tether Operations Limited (Tether). He alleges that on October 19, 2022, in Queens County, $345,940 was stolen from his electronic wallet through a phishing scheme. (ECF 1 at 8.) Plaintiff filed a police report for grand larceny with a detective from the 110th Precinct in Queens (*id.* at 13), and received notification that the "case will be investigated by the Financial Crimes Task Force" (*id.* at 16). Plaintiff requested assistance from Defendant Tether, but it "refused the request and inappropriately inquired about Plaintiff's past relationship with Move Block Capital—a matter wholly irrelevant to the theft." (*Id*. at 8.)[1]

It is unclear whether venue of Plaintiff's claims is proper in this district, under Section 1391(b)(1), based on the residence of defendant Tether. Venue of Plaintiff's claims also does not appear to be proper in this district, under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiff alleges that Defendants violated his rights in Queens County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112 (c). Because the events giving rise to Plaintiff's claims occurred in Queens County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's

---

[1] Plaintiff attaches what appears to be an email from a detective in the Field Intelligence Unit in Brooklyn, New York, in which the detective states, "I can't compel a company to take action especially being that Tether is not US based." (*Id.* at 23.)

familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff resides, and it is reasonable to expect that relevant documents and witnesses also would be in Queens County, where Plaintiff reported the alleged misconduct to law enforcement authorities. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge